UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT JAHODA,<br><br>    Plaintiff,<br><br> v.<br><br>ALDI INC. (PENNSYLVANIA),<br><br>    Defendant. | Case No. |

## COMPLAINT

Plaintiff Robert Jahoda ("Plaintiff"), through his undersigned counsel, brings this complaint against Defendant Aldi Inc. (Pennsylvania) ("Defendant"), and asserts as follows:

## INTRODUCTION

1. Plaintiff brings this action against Defendant under Title III of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.* and its implementing regulations, in connection with Defendant's failure to offer blind patrons the full and equal enjoyment of its point-of-sale transaction services.

2. Defendant offers its customers who are checking out the option to use a point-of-sale ("POS") terminal to pay for their purchases and an opportunity to receive cash back at the time of their purchase.

3. The "cash-back" feature typically occurs when a customer uses a debit card to complete a transaction at a POS terminal. As the customer inserts their card into the POS terminal, a series of prompts will display information and options to the customer. One option is to receive a specified amount of physical currency, the total of which is charged to the debit card in addition

to the cost of the sale. Typically, either an employee will hand the requested cash to the customer or a machine will automatically dispense the money.

4. Plaintiff is an individual with a visual disability who, at all times relevant for purposes of this action, has had a legal disability as defined by the ADA, 42 U.S.C. § 12102(2).

5. For Plaintiff and other customers with visual disabilities who patronize Defendant's stores, they do not have the option to withdraw cash in the same private and safe manner that is available to all other customers.

6. In order for Plaintiff to use the cash-back feature, Plaintiff must rely on an employee or other third-party to complete the transaction, potentially increasing the risk of fraud or theft.

7. Although Defendant has been using POS terminals with cash-back features after the enactment of the ADA thirty years ago, it has failed to ensure that this new technology would be accessible to individuals with visual disabilities.

8. Because customers with visual disabilities cannot independently operate the POS terminals like all other customers can, Defendant deprives them of the same options, privileges, and advantages that it offers to all other customers.

9. Plaintiff seeks the following declaratory and injunctive relief: (1) a declaration that Defendant's inaccessible POS terminals violate the ADA as described in this complaint; and, (2) an injunction requiring Defendant to update or replace its POS terminals so that they are fully and independently accessible to blind or other vision impaired individuals.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

11. Plaintiff's claims asserted in this complaint arose in this judicial district and Defendant does substantial business in this judicial district.

12. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.

## PARTIES

13. Plaintiff Robert Jahoda is and, at all times relevant hereto, was a resident of Ambridge, PA. As described above, Plaintiff is blind and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

14. Defendant Aldi Inc. (Pennsylvania) is a corporation organized under Pennsylvania law, and is headquartered at 1200 N. Kirk Rd, Batavia, IL 60510.

15. Defendant is public accommodation pursuant to 42 U.S.C. §12181(7).

## FACTUAL ALLEGATIONS

16. Plaintiff visited Defendant's store located at 351 Logan Ln., Baden, PA 15005 (the "Baden Location") in January, 2020.

17. The Baden Location is within the area that Plaintiff typically travels as part of Plaintiff's regular activities.

18. During the visit, Plaintiff wished to withdraw cash from Defendant's POS terminal by using the widely available cash-back feature.

19. However, Defendant's POS terminal, as presently designed and employed, cannot be operated by individuals with visual disabilities because it displays words and images on a screen which are not announced or otherwise described through an audio output function, the most significant of which is the cash-back feature.

20. While the POS terminals provide audio output of some information during a transaction, it is insufficient for a customer with a visual disability to use the cash-back feature.

21. For example, the POS terminals fail to provide audio output sufficient to indicate that there is a cash-back feature and related options, even though this information appears visually on the screen. The POS terminals also fail to announce the amounts of money that can be selected for cash-back. And the POS terminals also do not announce the amount of money actually dispensed when a customer uses the cash-back feature, even though this information also appears visually on the screen.

22. Because the POS terminals at Defendant's stores are inaccessible, in that they do not provide customers with visual disabilities with audible information necessary to complete a cash-back transaction, customers with visual disabilities are deprived of the freedom to use the POS terminals safely and independently, as all other customers can.

23. The only option for Plaintiff and other customers with visual disabilities to use the cash-back feature is to ask an employee or other third-party to complete the cash-back transaction. Relying on third-party assistance to operate the POS terminal for cash-back creates an unnecessary risk of theft and breach of privacy.

24. Plaintiff is concerned about the risk of theft, as there is no way Plaintiff can independently discern the actual amount of cash that is dispensed except for relying on a third-party.

25. Plaintiff is frustrated that Defendant denies him and other customers with visual disabilities the same convenience for getting cash back safely and privately as it provides to its other customers who do not have visual disabilities.

26. On information and belief, Defendant uses the same inaccessible POS terminals in all of its stores.

27. However, Defendant could use readily available technology that affords individuals with visual disabilities functional capabilities to use all available features and provides audio output of all necessary information.

28. This technology is not novel or unique either. For example, ATM machines have afforded individuals with visual disabilities the ability to securely and independently access all information audibly through headphones and to make their selections using a tactile keypad.

29. Indeed, Plaintiff is able to regularly use accessible ATMs, and other accessible self-service technology, independently and without compromising security or increasing risk of theft.

30. Plaintiff seeks the same full and equal access to Defendant's POS terminals to be able to complete cash-back transactions independently and securely in the same manner that Defendant affords to all other customers.

31. Absent the relief requested in this matter, Plaintiff and individuals with visual disabilities will continue to be denied full and equal enjoyment of Defendant's POS terminals.

## CAUSE OF ACTION

## VIOLATION OF TITLE III OF THE ADA

32. The allegations set forth in the previous paragraphs are incorporated by reference.

33. Defendant has discriminated, and continues to discriminate, against Plaintiff by failing to ensure its POS terminals are fully accessible to, and independently usable by, individuals with visual disabilities.

34. Plaintiff has been, and continues to be, denied full and equal access to Defendant's POS terminals due to the inaccessible nature of the POS terminals which fail to provide Plaintiff with all necessary information and functionality to operate and use all available features and privileges of the POS terminal.

35. Defendant's ongoing failure to provide Plaintiff full and equal enjoyment of the POS terminals constitutes unlawful discrimination on the basis of a disability in violation of 42 U.S.C. § 12182(a).

36. Defendant's conduct is ongoing and continuous, and Plaintiff has been harmed by Defendant's conduct.

37. Unless Defendant is restrained from continuing its ongoing and continuous course of conduct, Defendant will continue to violate the ADA and will continue to inflict injury upon Plaintiff and others with visual disabilities.

38. Given that Defendant has not complied with the ADA's requirements to make its facilities fully accessible to, and independently usable by, individuals with visual disabilities, Plaintiff invokes his statutory rights to declaratory and injunctive relief, as well as costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a. A declaratory judgment that Defendant is in violation of the specific requirements of Title III of the ADA and its implementing regulations described above, as described above;

b. A permanent injunction which directs Defendant to take all steps necessary to bring all its POS terminals into full compliance with the requirements set forth in the ADA, so that they are fully accessible to, and independently usable by, individuals with visual disabilities, and which

further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that all of its POS terminals are fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted an institutional policy and practice that will in fact cause Defendant to remain in compliance with the law;

    c.      Payment of costs of suit;

    d.      Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505, and/or nominal damages; and,

    e.      The provision of whatever other relief the Court deems just, equitable and appropriate.

Dated: February 27, 2020                                          Respectfully Submitted,

                                                                       By: /s/ *R. Bruce Carlson*
R. Bruce Carlson
Kelly K. Iverson
**CARLSON LYNCH LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: 412-322-9243
Fax: 412-231-0246
bcarlson@carlsonlynch.com
kiverson@carlsonlynch.com

*Counsel for Plaintiff*